**Brian O'HAGAN, Plaintiff,**

v.

**Hector L. SOTO, Defendant.**

**No. 80 Civ. 1192 (CBM).**

United States District Court, S.D. New York.

June 2, 1983.

See also 714 F.2d 116, 523 F.Supp. 625.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

On May 20, 1983, this court vacated its judgment entered on July 6, 1981 pursuant to Fed.R.Civ.P. 60(b)(6). The court then immediately reentered that judgment in order to extend the time limit within which the court could offer the plaintiff the option to accept a remittitur or to submit to a new trial on the issue of damages.[1] *See* Fed.R.Civ.P. 59(d) (ten day limit from date of entry of judgment); *Felshina v. Schweiker,* 707 F.2d 71 (2d Cir.1983) (vacation by district court of February 1982 judgment and reentry on August 12, 1982 in order to extend time limit for appeal was proper and appeal was timely).

This court then offered plaintiff the option to remit all but $1 in nominal damages or to submit to a second trial on the issue of damages. Plaintiff accepted the remittitur on the record and this court discontinued this action. Plaintiff has now submitted an application for attorneys' fees.

By order filed January 14, 1983, this court ordered that any application for attorneys' fees be filed by January 21, 1983. Four months later on May 26, 1983, plaintiff submitted the instant application

---

**1.** By opinion dated May 2, 1983, 565 F.Supp. 422, this court ordered a second retrial on the issue of damages. The court emphasizes that it did not believe that such a retrial had to occur in order to resolve this case. This dispute would have been finally resolved if, for instance, the parties had settled the case. Indeed, this court believed that such a settlement was likely to occur and plaintiff indicated his willingness to settle this case for the sum of $1 at the May 6, 1983 status conference held in connection with this matter.

Defendant subsequently sought a writ of mandamus against this court, alleging that the order of a second retrial was beyond this court's jurisdiction under Fed.R.Civ.P. 59(d) since that order occurred more than ten days after the entry of the judgment by Judge Palmieri.

This court believes that the order of the second retrial was both within its power and, given the unusual circumstances of this case, the only available option among those alluded to by the Second Circuit in its opinion ordering the remand. First, this court was not free to enter a judgment in favor of defendant. *See* 565 F.Supp. at 425–29 (S.D.N.Y.1983). Second, this court was not free to enter a declaratory judgment in favor of plaintiff since that judgment would adjudicate the denial of a constitutional right without even the award of nominal damages in contravention of the Supreme Court's teaching in *Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1053–1054, 55 L.Ed.2d 252 (1978) and would be no more an operative judgment than the one vacated by the Court of Appeals. Finally, this court believes that it could not enter a judgment of $1 in favor of plaintiff, when the jury expressly rejected that option, without extending the jury's verdict in violation of the Seventh Amendment. *See Dimock v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935); *Akermanis v. Sea-Land Service, Inc.,* 688 F.2d 898, 902 (2d Cir.1982).

By vacating Judge Palmieri's judgment, the Court of Appeals effectively returned this court to the situation as it existed on January 22, 1982, *i.e.* the date that this court set aside the award of $50,000 damages to plaintiff as excessive. *See* No. 80 Civ. 1192, slip op. at 17 (S.D. N.Y. Jan. 22, 1982). Under these circumstances, this court believed that it had the power to order a second retrial on the issue of damages since the situation of January 22, 1982 had been restored, *i.e.* the plaintiff had a judgment on the issue of liability but without an award of damages. This court believes that defendant's argument that this court had no power to order a second trial on the issue of damages is meritless since defendant measures the ten day limit set forth in Fed.R.Civ.P. 59(d) by Judge Palmieri's judgment which the Court of Appeals' vacatur rendered a nullity.

By reentry of the July 6, 1981 judgment, this court restored the situation as it existed on that date, *i.e.* a judgment of liability in favor of plaintiff with an award of $50,000 damages. By accepting the remittitur of $1 nominal damages, plaintiff finally permitted this court to enter a judgment of legally operative form, *see Carey v. Piphus,* 435 U.S. at 266–67, 98 S.Ct. at 1053–1054, and to discontinue this case.

and has offered no explanation for the delay.[2] The motion is denied as untimely.

SO ORDERED.

---

**2.** Defendant's application for attorneys' fees was also denied. *See* No. 80 Civ. 1192, slip op. at 15 (S.D.N.Y. May 2, 1983). Even if the court had found defendant to be the prevailing party in this action, the court does not believe that this situation presents the "compelling circumstances" sufficient to warrant an award of attorneys' fees to a prevailing defendant. *See Nemeroff v. Abelson et al.*, 704 F.2d 652 (2d Cir.1983).